AUTO-OWNERS INSURANCE COMPANY v LACKS INDUSTRIES

Docket No. 93942. Submitted November 12, 1986, at Grand Rapids. Decided December 16, 1986. Leave to appeal applied for.

Katherine Blake was injured in an automobile accident. At the time of the accident, Blake was covered by a medical insurance plan provided by her employer, Lacks Industries, and by a no-fault insurance policy issued by Auto-Owners Insurance Company. Auto-Owners brought an action in the Ionia Circuit Court seeking a declaration that, under the coordination of benefits provision of its policy, Lacks Industries was primarily liable to Blake for payment of her medical expenses. Lacks Industries responded that a provision under its medical plan excluding coverage when a no-fault policy is in effect applied in this case. The court, Charles W. Simon, Jr., J., ruled that Auto-Owners was primarily liable. Auto-Owners appealed.

The Court of Appeals *held:*

Where the coordination of benefits provisions of a no-fault insurance policy and a medical insurance policy conflict, the coordination of benefits or exclusion of coverage provision of the medical policy is not to be given any effect.

Reversed.

INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — COORDINATION OF BENEFITS.

A health insurance carrier is primarily liable for payment of an insured's medical expenses resulting from injuries suffered in an automobile accident where the insured elected to coordinate no-fault personal injury protection benefits with health insurance (MCL 500.3109a; MSA 24.13109[1]).

*O'Connor, McNamara & O'Keeffe* (by *John P. O'Keeffe*), for plaintiff.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340, 359.

Am Jur 2d, Insurance §§ 1781 *et seq.*

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Gruel, Mills, Nims & Pylman* (by *Norman H. Pylman*), for defendant.

Before: R. M. MAHER, P.J., and D. F. WALSH and C. STELL,* JJ.

D. F. WALSH, J. Plaintiff Auto-Owners Insurance Company appeals from a circuit court order declaring plaintiff primarily liable for payment of medical benefits to Katherine Blake, who was injured in a motor vehicle accident on August 29, 1984. At the time of the accident, Ms. Blake was covered under her mother's no-fault policy, issued by plaintiff. The policy contained a "coordination of benefits endorsement" which provided that personal protection insurance benefits payable under the policy "shall be reduced by the amount paid, payable or required to be provided under . . . any health, disability or automobile medical insurance policy; any health care plan; or any salary or wage continuation plan, including sick pay benefits." It is not disputed that, because its insured chose coordinated coverage, plaintiff charged a reduced premium rate.

Plaintiff filed a complaint for declaratory judgment against Ms. Blake's employer, defendant Lacks Industries, which provided health insurance to Ms. Blake through a self-insured benefit program. The Lacks Industries employee benefit health plan, in its "major medical expense benefits" section, stated:

Exclusions

* * *

Charges for or in connection with a sickness or accident for which the employee or dependent is entitled to benefits under any No Fault Automobile, or similar Local, State or Federal Statutes

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under which the covered person is entitled to benefits.[1]

Relying on this "Exclusion" clause in defendant's health insurance policy, the lower court ruled that plaintiff no-fault insurer was primarily liable for payment of Ms. Blake's medical expenses. We reverse.

In *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc*, 424 Mich 537, 545-551; 383 NW2d 590 (1980), the Supreme Court examined the legislative history of § 3109a of the no-fault act, which mandates that no-fault carriers offer coordination of benefits at reduced premiums when the insured has other health and accident coverage. MCL 500.3109a; MSA 24.13109(1). The policies of the plaintiff no-fault insurer and the defendant health insurer in *Kemper* contained conflicting "other insurance" provisions. The Court concluded that, consistent with the Legislature's intent, the defendant health insurer's "other insurance" provision was to be given no effect; the defendant was found to be primarily liable for payment of its insured's medical expenses resulting from injuries suffered in an automobile accident. We are persuaded that the *Kemper* decision is controlling in this case.

Defendant argues that its policy "*excludes* [coverage in] accident situations wherein coverage is to be provided under the provisions of Michigan's No-Fault Act," that "other health and accident cover-

---

[1] The health plan also contained a "coordination of benefits' section, applicable"to expenses incurred and benefits provided when multiple insurance coverages are involved" and providing that "[c]overed benefits may be subject to a reduction if an individaul is insured under two or more plans." "Plan," as defined, includes "statutory provisions, including group and individual 'No-Fault' automobile insurance plans" which provide benefits.

Neither the parties nor the lower court have discussed the relevance of this section in this case.

age" is thus not available in this case, and that therefore plaintiff cannot take advantage of its § 3109a coordination of benefits provision. A similar argument was made, and rejected, in *Kemper.* 424 Mich 542-544.

On the authority of *Kemper,* we are persuaded that the parties' policies contain conflicting "other insurance" provisions, and that defendant is primarily liable for payment of Ms. Blake's medical expenses.

Reversed.