MICHIGAN MILLERS MUTUAL INSURANCE COMPANY v WEST MICHIGAN HEALTH CARE NETWORK

Docket No. 100716. Submitted June 8 1988, at Grand Rapids. Decided September 9, 1988. Leave to appeal applied for.

David and Barbara White and their son, Timothy, received medical treatment as a result of automobile accidents. At the time of the accidents, the Whites were insured under a no-fault automobile insurance policy issued by Michigan Millers Mutual Insurance Company and were also covered under an employee benefit plan comporting with the Employee Retirement Income Security Act, 29 USC 1001 *et seq.*, and promulgated by Independent Insurance Agents of Michigan—Insurance Reserve Trust (IIAM-IRT). Under the conflicting coordination-of-benefits provisions of the Michigan Millers policy and the IIAM-IRT plan, neither Michigan Millers nor the employer providing employee benefits under the IIAM-IRT plan would be primarily liable for medical expenses incurred as a result of an automobile accident as each would be secondarily liable. Michigan Millers paid for the Whites' medical expenses but brought an action in Kent Circuit Court for reimbursement by West Michigan Health Care Network and IIAM-IRT. The trial court, Stuart Hoffius, J., granted summary disposition in favor of plaintiff. Defendant IIAM-IRT appealed.

The Court of Appeals *held:*

1. The application to defendant of Michigan case law providing that, when a no-fault automobile insurance policy and a health insurance policy contain conflicting coordination-of-benefit clauses, the health insurance policy will be primarily liable is not preempted by ERISA. Thus, defendant has primary liability for the medical expenses involved in this case.

2. The trial court did not err in finding that defendant's coordination of benefits clause, which restricted defendant's liability to $300 for medical expenses incurred as a result of an

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

See the Index to Annotations under No-Fault Insurance; Other Insurance.

automobile accident when a no-fault automobile insurance policy applies, is unenforceable.

Affirmed.

INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — EMPLOYEE RETIREMENT INCOME SECURITY ACT.

When benefits for medical expenses incurred by an individual as a result of an automobile accident are available both under the individual's no-fault automobile insurance policy and a health plan provided by his employer pursuant to the Employee Retirement Income Security Act, but under conflicting coordination-of-benefits provisions neither policy nor plan is primarily liable for such medical expenses, the health plan is primarily liable for the individual's medical expenses under Michigan law; the application of Michigan law to such a health plan is not preempted by the Employee Retirement Income Security Act (29 USC 1001 *et seq.*)

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for Michigan Millers Mutual Insurance Company.

*Zagaroli & Clark, P.C.* (by *Michael A. Zagaroli* and *Suzanne Krumholz Clark*), for Independent Insurance Agents of Michigan—Insurance Reserve Trust.

Before: MAHER, P.J., and MURPHY and R. B. BURNS,* JJ.

PER CURIAM. Defendant Independent Insurance Agents of Michigan—Insurance Reserve Trust, appeals the trial court's grant of plaintiff's motion for summary disposition. The parties have stipulated to the facts of this case.

On November 12, 1985, David and Barbara White received injuries as a result of being involved in an automobile accident. On August 21, 1985, their son Timothy also sustained injuries from an automobile accident. At the time of both

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

accidents, the Whites were covered under a no-fault automobile insurance policy issued by plaintiff, Michigan Millers Mutual Insurance Company. The Whites were also covered by a medical plan issued by defendant employee benefit plan. Plaintiff paid the medical expenses incurred by the Whites. Plaintiff now seeks reimbursement for the medical expenses from defendant.

Both parties' policies contain coordination of benefits clauses which state that if an insured possesses other insurance which will cover medical expenses incurred, then that insurance will be the primary provider.

Plaintiff brought a motion for summary disposition on stipulated facts under MCR 2.116(A) based upon the fact that federal law mandates the unenforceability of defendant's "other insurance" provision. In bringing the motion, plaintiff admitted that federal law should apply as defendant is an uninsured employee benefit plan under the Employee Retirement Income Security Act. The trial court granted plaintiff's motion on the basis of federal law and judgment was entered on July 15, 1987.

Defendant raises two issues: 1) Whether ERISA preempts the application of state law in the present case; and 2) Whether the trial court correctly found defendant's "other insurance" provision to be unenforceable.

Plaintiff in its supplemental brief on appeal raises the issue that federal law does not preempt the application of state law to its claim. Plaintiff did not raise this issue below and both parties assumed that federal ERISA law preempted state law. The trial court did not address the preemption issue. Normally, a party's failure to raise an issue below will preclude appellate review. MCR 7.203.

However, the issue may be considered by an appellate court when it is a question of law concerning which the necessary facts have been presented. *Citizens Ins Co of America v Lowery,* 159 Mich App 611, 614; 407 NW2d 55 (1987). In the present case, all of the facts necessary to resolve this dispute were presented below.

## I. WHETHER ERISA PREEMPTS THE APPLICATION OF STATE LAW IN THE PRESENT CASE.

The parties' insurance policies contained conflicting coordination of benefits clauses. Plaintiff's policy states:

> A. This insurance does not apply to the extent that any amounts are paid or payable for allowable expenses to or on behalf of such named insured or relative under the provisions of any other insurance, service, benefit or reimbursement plan providing similar direct benefits, without regard to fault, for bodily injury sustained as a result of the operation, maintenance or use, including the loading or unloading, of a motor vehicle.

Defendant's policy states:

> General Exclusions
> No benefits under the Plan shall be payable with respect to:
>
> \*    \*    \*
>
> Charges in connection with any loss caused by accidental bodily injury which arises out of or results from an automobile accident when benefits are provided or would be provided in the absence of this Plan under the Michigan No-Fault Insurance Act (Act No. 294 of the Public Acts of 1972) including any amendments thereto exceeding the deductible amount, or $300, whichever is less, for

any one covered person as a result of any one automobile accident.

It is undisputed that defendant is a self-insured employee benefit plan and thus is within the scope of ERISA. As such, any claim against defendant is subject to the preemption language of § 514(a) of this act:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975. [29 USC 1144(a).]

However, certain types of state laws are "saved" from preemption by the statute. Section 514(b)(2)(a) states:

> Except as provided in subparagraph (B), nothing in this title shall be construed to exempt or relieve any person from any law of any State *which regulates insurance, banking, or securities.* [19 USC 1144(2). Emphasis added.]

There is no dispute that the Michigan no-fault insurance act and Michigan case law interpreting it are laws which regulate insurance and thus are not preempted by ERISA under § 514(b)(2)(a). *Northern Group Services v Auto Owners Ins Co,* 833 F2d 85 (CA 6, 1987). The precise issue in this case is whether the § 514(b)(2)(b) exception to the savings clause, the so-called "deemer" clause, acts to preempt application of Michigan's no-fault laws to this particular defendant. Section 514(b)(2)(b) states:

> Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies. [29 USC 1144(b)(2).]

One panel of this Court held that the "deemer clause" acts to preempt application of Michigan's no-fault laws when an uninsured, employer-funded ERISA plan is involved. *State Farm Mutual Automobile Ins Co v C A Muer Corp,* 154 Mich App 330; 397 NW2d 299 (1986). However, the Sixth Circuit was later faced with the identical question of whether Michigan's coordination-of-benefits law was preempted by ERISA when applied to an uninsured plan. In *Northern Group Services, supra,* the court held that Michigan's coordination-of-benefits law was not preempted by ERISA. We are persuaded by the analysis of the court in *Northern Group Services,* decided after *State Farm,* and agree that Michigan's coordination-of-benefits law is not preempted by ERISA when an uninsured ERISA plan is involved.

Under Michigan law, where a no-fault policy and a health insurance policy contain conflicting coordination-of-benefits clauses, the health insurance policy will be primarily liable. *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 551; 383 NW2d 590 (1986). Therefore, under Michigan law defendant is liable for the medical expenses paid by plaintiff.

II. WHETHER THE TRIAL COURT CORRECTLY FOUND DEFENDANT'S "OTHER INSURANCE" PROVISION TO BE UNENFORCEABLE.

Defendant's clause allows defendant to restrict its liability altogether after paying the $300 deductible. The provision contains no avenue by which employees may return to the plan for benefits which are not paid by their no-fault insurers. This Court in *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269; 418 NW2d 455 (1987), held that a provision virtually identical to the one in the present case was an escape clause. Therefore, the trial court's finding that the provision in the present case was an escape clause and unenforceable is correct.

Affirmed.