TRANSAMERICA INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,

v.

PEERLESS INDUSTRIES (MASCO); Viking Corporation Employee Benefit Plan; Taylor Building Products; Tinicum, Inc., Employee Benefit Plan; Pine Rest Christian Hospital; Sparatan Plastic Inc., Employee Benefit Plan; Northern Michigan Hospital, Lowell Engineering Corporation, and E.L. Nickell, Co., Inc., Defendants.

No. G87–857–CA1.

United States District Court, W.D. Michigan, S.D.

Nov. 2, 1988.

Jonathon S. Damon, Jennie Boldish Bryan, Grand Rapids, Mich., for plaintiff.

Richard R. Hyde, Grand Rapids, Mich., for all defendants except E.L. Nickell.

Myra Willis, Kalamazoo, Mich., for defendant E.L. Nickell.

OPINION

ROBERT HOLMES BELL, District Judge.

Before this Court are cross motions for summary judgment on the plaintiff's claim. The plaintiff is a no-fault automobile insurer that paid personal protection benefits to its insureds for injuries which they received in automobile accidents. The plaintiff's insureds were also members of the several defendant employee benefit plans. The no-fault auto insurance policies contained coordination of benefits (COB) provisions. The employee benefit plans contain variously worded coordinated benefits provisions and attempted exclusions of coverage for injuries related to automobile accidents. Plaintiff seeks recovery under M.C.L. § 500.3109a, the coordinated benefits provision of the Michigan no-fault insurance statute. Plaintiff also seeks recovery under *Federal Kemper Ins. Co. v. Health Insurance Administration, Inc.,* 424 Mich. 537, 383 N.W.2d 590 (1986), which held that a no-fault insurance policy with a coordinated benefits provision is secondarily liable to

other health and accident insurance coverage that also has a coordinated benefits provision.

Under the coordinated benefits provision of the no-fault insurance act, M.C.L. § 500.3109a, no-fault insurers in Michigan must offer, for reduced premiums, insurance policies that coordinate their coverage with other insurance that their insureds may have. Under *Federal Kemper*, a no-fault insurance policy with a coordinated benefits provision is secondarily liable to other insurance with a coordinated benefits clause.

The coordinated benefits provision of the Michigan no-fault act also impacts upon employee benefit plans governed by the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA). Generally, ERISA supersedes any state law regulating an ERISA employee benefit plan, § 1144(a). However, in order to preserve the effective administration of state based insurance schemes and regulation, ERISA contains "savings" and "deemer" clauses, § 1144(b)(2)(A). The "savings" clause provides that ERISA shall not relieve anyone from the effect of state regulation of insurance. However, the "deemer" clause provides that an ERISA plan is not to be considered insurance for purposes of state insurance regulation. Nevertheless, in *Northern Group Services Inc. v. Auto Owners Insurance Co.*, 833 F.2d 85 (6th Cir.1987) the court held that ERISA did not preempt the effect of § 3109a of the Michigan no-fault insurance act and *Federal Kemper* on ERISA employee benefit plans. Thus, in both *Federal Kemper* and *Northern Group Services* the courts ignored the express language of the employee benefit plans that subordinated their coverage to that of no-fault insurers and held that employee benefit plans were primarily liable and no-fault insurers were secondarily liable *where conflicting coordinated benefits provisions existed.* The courts essentially reasoned that to hold otherwise would disrupt and frustrate the efficient, effective, and predictable administration of a uniform system of coordinated benefits. *Northern Group Services,* at 93.

Coordinated benefits provisions appear in different forms. In *Federal Kemper* the court distinguished three types of coordinated benefits provisions: "excess," "pro rata," and "escape" or "other insurance." The excess type provides benefits over the limits of the primary policy, the pro rata type provides benefits in proportion to the amount of total coverage available, the escape type provides no coverage if other benefits are available. Escape coverage is *conditioned on the existence of other insurance. Federal Kemper,* 424 Mich. at 542, 383 N.W.2d 590. Significantly, with all three types, benefits are available, but coordinated.

This present action raises the issue of whether exclusion of coverage provisions are merely another type of coordinated benefits provision for purposes of § 3109a or whether they are, in fact, a qualitatively distinct legal entity with exclusionary efficacy. If exclusions of coverage provisions are construed as merely escape type coordinated benefits provisions for purposes of § 3109a, then exclusion provisions are denied their literal effect. Some case law interpreting § 3109a suggests that *purported* exclusion type provisions are actually escape type coordinated benefits provisions. In *Auto–Owners Insurance v. Lacks Industries,* 156 Mich.App. 837, 402 N.W.2d 102 (1986), a purported exclusion in a health plan provided:

Exclusions

. . . .

Charges for or in connection with a sickness or accident *for which the employee or dependent is entitled to benefits under any no-fault automobile, or similar local, state or federal statutes under which the covered person is entitled to benefits.* (emphasis added)

The court determined that this was an "escape" or "other insurance" type coordinated benefits provision. In fact, this purported exclusion clearly does condition itself upon the existence of other insurance. It attempts to "escape" coverage for auto

accident injury benefits by subordinating its coverage to "other" insurance coverage. The court in *Lacks Industries* did not determine that all exclusions are "other insurance" or "escape" provisions for purposes of § 3109a and *Federal Kemper*. The phrasing of a purported exclusion conditioning coverage on the existence of "other insurance" is crucial in determining whether it is actually an exclusion or merely an "escape" type provision.

The relation of an exclusion provision in an employee benefit plan to a coordinated benefits provision in a no-fault insurance policy requires further analysis. If an exclusion of coverage is stated absolutely without reference to other insurance, then it is not conditioned on the existence or nonexistence of other insurance. Such an exclusion provision qualitatively differs from an "escape" type coordinated benefits provision that is expressly conditioned on the existence of "other insurance." Such coverage simply does not exist, regardless of the existence of any no-fault benefits. Logically, therefore, if a health plan absolutely *excludes* any and all coverage for automobile accident related benefits without reference to the existence of other insurance, it provides no coverage that can be coordinated with the required no-fault auto insurance coverage.

Although this analysis is simple and straightforward, the legal environment in Michigan presents a unique context. Michigan law requires no-fault coverage. Thus, any exclusion provision in an employee benefit plan, by legal necessity, will exist in the context of no-fault insurance. Under *Federal Kemper* and *Northern Group Services*, an escape type coordinated benefits provision in an employee benefit coverage plan does not subordinate its coverage to no-fault coverage. Now, if exclusion of coverage provisions do not exclude coverage under *Federal Kemper* because of the existence of no-fault insurance, employee benefit plans in Michigan effectively would be required to provide personal injury protection benefits for auto accident related injuries. This would be tantamount to judicially mandating auto accident related personal protection benefits

for employee benefit plans in Michigan. This Court concludes that the existence of legally required no-fault insurance does not render exclusions any less valid or effective.

In *Federal Kemper* and *Northern Group Services* the courts already appear to have done something similar by determining that health plans and employee benefit plans, rather than no-fault insurers, would be primarily liable for personal protection benefits where mutually exclusive coordinated benefits provisions exist. However, to require coverage where an exclusion exists is something qualitatively distinct. *Federal Kemper* and *Northern Group Services* did not decide that issue.

Several reasons exist why this federal district Court should not, in effect, mandate benefits for auto accident related injuries in employee health and accident benefit plans where absolute exclusions are clearly stated. No state or federal statute or administrative regulation mandates benefits for auto accident related injuries in health and accident plans. Section 3109a currently does not mandate coverage for auto accident related injuries in all health and accident plans.

Further, exclusions are legitimate provisions in insurance policies. For example, many health and accident policies exclude coverage for injuries that are caused by the use of intoxicants or that are intentionally self inflicted. Under Michigan law exclusions in insurance policies are valid as long as they are clear, unambiguous, and do not offend public policy. *Raska v. Farm Bureau Mutual Insurance Company of Michigan*, 412 Mich. 355, 361–62, 314 N.W.2d 440 (1982), *Benike v. Scarborough Insurance Trust*, 150 Mich.App. 710, 389 N.W.2d 156 (1986). There is no indication that the public policy of Michigan requires such mandated benefits. For illustrative purposes, defendants submitted a letter, dated February 6, 1984, from Nancy A. Baerwaldt, then Commissioner of Insurance for the State of Michigan, stating: "To answer your question, yes it is possible for a group health insurance carrier to write a contractual provision excluding coverage for injuries incurred in an auto-related accident.

Coverage for auto accident injuries is not mandated for health insurance under the Michigan Insurance Code." (Exhibit 2, Defendant's Brief in Support of Their Motion for Summary Judgment). Presumably, such exclusions do not offend public policy. Accordingly, a clear and unambiguous exclusion of coverage for injuries from auto accidents would appear acceptable under Michigan law.

Moreover, ERISA does not require employers to provide employee benefit plans and does not mandate personal protection benefits for auto accident related injuries in employee benefit plans. ERISA requires only minimal benefits. Under ERISA plan fiduciaries are allowed to exercise their discretion to design plans that will best serve the needs of their members. Additionally, the Sixth Circuit limits judicial review of ERISA employee benefit plans to assessment of the plan trustees' *administration* of the plan. This limited scope of review does not encompass evaluation of the relative merits of the *particular benefits* which employers and plan fiduciaries select to provide the employee members. *Moore v. Reynolds Metals Company Retirement Programs For Salaried Employees*, 740 F.2d 454 (6th Cir.1984).

In summary, Section 3109a requires no-fault insurers to provide, for a reduced premium, insurance with coordinated benefits "related to other health and accident coverage on the insured." Where an clear and unambiguous exclusion of benefits for auto accident related injuries appears in an employee health and accident benefit plan no "other health and accident coverage on the insured exists" for purposes of § 3109a. Consequently, § 3109a, *Federal Kemper* and *Northern Group Services* do not apply.

This result is not arbitrary, surprising, or unjust. Rather, it effectuates the intent of employee benefit plans that have clearly and unambiguously tailored their coverage to the needs of their members. This result is similar to the situation where a no-fault insured is not a member of an employee benefit plan and maintains no "other insurance." There § 3109a also does not coor-dinate benefits because no "other insurance" exists. Still, where a comprehensive employee benefit plan has a coordinated benefits provision, § 3109a will render the employee benefit plan primarily liable for personal protection benefits. In the present action plaintiff is a subrogee to its insureds' rights of recovery from their employee benefit plans. Where the employee benefit plan excludes coverage, no rights of recovery exist for either the insured or its subrogee. Thus, plaintiff, no-fault auto insurer, may have improvidently sold no-fault insurance with coordinated benefits provisions at reduced premiums to its insureds where no "other health and accident coverage" existed justifying such sales.

This Court recognizes the validity of clear and unambiguous exclusions of coverage for auto accident related injuries in employee benefit plans. This Court determines that exclusions which are absolutely stated without reference to the existence of other insurance are distinct from the three identified types of coordinated benefits provisions in *Federal Kemper.* Thus, *Federal Kemper* and *Northern Group Services* do not properly control the present case because they both dealt with coordinated benefits provisions, not exclusions.

Plaintiff's motion should be denied and defendants' motion should be granted where the employee health and accident benefit plans clearly and unambiguously exclude coverage for auto accident related injuries.

This Court has reviewed the relevant language of the several insurance policies. The coordination of benefits endorsement in each of plaintiff's no-fault auto insurance policies provides:

"In consideration of the premium for Personal Protection Insurance Benefits (Personal Injury Protection) shown on the Declarations, the Michigan No–Fault Insurance Endorsement of this Policy is amended to include the Coordination of Benefits as follows:

A.1.(a)—Allowable Expenses Exclusion (excess only)

The Company shall not be liable to the extent any Personal Protection Insurance

allowable expenses benefits are paid, payable or required to be provided to or on behalf of the person named in the Policy, their spouse and any relative of either domiciled in the same household, under the provisions of any valid and collectible:

1. individual, blanket or group accident disability or hospitalization insurance; or

2. medical or surgical reimbursement plan; or

3. automobile or premises insurance affording medical expense benefits.

The language of the several employee health and accident benefit plans varies. The disputed language of the different employee health and accident benefit plans is presented with the "escape" type coordinated benefits provisions referencing "other" insurance underlined as follows.

The plan adopted by MASCO provides:
No–Fault Motor Vehicle Insurance

If your state has a no-fault motor vehicle law, the coverage required by that state is considered primary for motor vehicle related medical expenses. If you or a covered dependent incur medical expenses as a result of a motor vehicle accident, those expenses should first be submitted to your motor vehicle insurance carrier. Any eligible expenses which are not paid by that carrier will then be considered for payment by the MASCO Medical Plan. The MASCO Medical Plan is considered secondary for no-fault motor vehicle expenses.

The plans adopted by Viking and Sparatan Plastic provides:
No–Fault Exclusion

Benefits will not be paid under this Plan for injuries received in an accident involving a car or other motor vehicle which is owned or leased by a covered person or any member of his immediate family or involving any car or other motor vehicle for which there is in effect, any policy of no-fault insurance. This exclusion is not applicable to expenses not paid by any policy of no-fault insur-

ance as a result of state required policy deductibles or maximums.

The plan adopted by Taylor provides:
General Limitations

No payment will be made under this Plan:

. . . .

b. for or in connection with any illness or injury for which the Employee or Dependant is entitled to benefits under any Workmens' Compensation, No–Fault Automobile or similar Local, State or Federal Statutes under which the Covered Person is entitled to benefits.

The plan adopted by Pine Rest and Tinicum provides:
No Fault Insurance

Benefits are not payable under this Plan for injuries received in an accident involving a car or other motor vehicle which is owned or leased by a covered person or any member of his immediate family or involving any car or other motor vehicle for which there is in effect any policy of No–Fault Insurance.

The plan adopted by Northern Michigan Hospital states as follows:
No Fault Motor Vehicle Insurance

The NMH Employee Medical Benefits Plan is not intended to replace or provide benefits for injuries caused by automobile accidents. The NMH Plan will provide benefits for eligible expenses that have not been paid or are not payable under any automobile insurance policy covering you or your eligible dependents. This means any automobile insurance policy that would provide benefits in the absence of this Plan. You should be aware that the NMH Employee Medical Benefits Plan will not recognize any claim for medical benefits resulting solely from reduced coverage levels (and premium requirements) under an employee's automobile insurance policy.

The plan adopted by E.L. Nickell provides:
"No payment will be made under the Plan for expenses incurred by an employee or a dependent ... for service or

treatment provided under a no-fault auto or similar legislation.

These plans clearly condition their personal injury protection coverage for auto accident related injuries on the existence of "other" insurance required by the Michigan no-fault act in order to subordinate their coverage to it. Such language clearly constitutes "escape" type coordinated benefits provisions for purposes of *Federal Kemper* and *Northern Group Services.* This Court further notes that phrasing of some of the attempted exclusions consists of several clauses which when read together are indefinite and ambiguous. These provisions are not saved by analytically reading each clause individually, detached, and isolated from the whole. For this reason such language also fails to be an effective disclaimer under Michigan law.

The language in one plan, however, is qualitatively different from the language in all other plans before this Court. The plan adopted by Lowell Engineering Corporation provides:

Michigan No–Fault Exclusion

Benefits are not payable under this Plan for injuries received in an accident involving a car or other motor vehicle.

The language in the Lowell plan does not purport to "escape" coverage by the availability of "other" insurance. This plan does not condition the availability of personal injury protection benefits on the existence of other insurance. It provides no coverage or benefits, regardless of the existence or nonexistence of other insurance. This Court recognizes this language as a valid exclusion clearly and unambiguously stated. Because no coordinated benefits provision exists, § 3109a, *Federal Kemper* and *Northern Group Services* do not apply.

■ Defendant Nickell also moves to dismiss the claim against it arguing that plaintiff's claim for reimbursement is barred by the one year statute of limitation contained in the no-fault insurance act, M.C.L. § 500.3145, arguing that plaintiff actually seeks to recover personal injury protection insurance benefits properly payable under the no-fault act.

A line of cases culminating and summarized in *Badger State Insurance Co. v. Auto Owners Insurance Co.,* 128 Mich. App. 120, 339 N.W.2d 713 (1983), applied the one year period of limitation to subrogation actions by no-fault insurance carriers to secure reimbursement from other insurers for benefits paid to their mutual insureds. These cases typically involved subrogation actions between no-fault auto insurers for reimbursement of personal injury protection benefits. Such actions between no-fault auto insurers were properly subject to the no-fault act and its statute of limitation. However, in *Badger* the subrogation action for reimbursement involved a no-fault auto insurer and a worker's compensation insurer. Nevertheless, the court reasoned that the *subject matter* of the action related to personal injury protection benefits under the no-fault act and concluded that the no-fault act's one year statute of limitation properly applied.

Recent Michigan case law has departed from the subject matter analysis. In *Adams v. Auto Club Insurance Association,* 154 Mich.App. 186, 397 N.W.2d 262 (1986) and *Madden v. Employers Insurance of Wausau,* 168 Mich.App. 33, 424 N.W.2d 21 (1988), no-fault auto insurers sought reimbursement for monies paid by mistake under the no-fault act. These courts characterized the actions as suits to recover money paid by mistake and applied the general six year statute of limitation under M.C.L. § 600.5813. These courts determined that § 500.3145 did not apply to actions that did not seek to enforce the terms of a no-fault policy.

In the present case, plaintiff brings a subrogation action to enforce the rights of its insureds to benefits under their no-fault insurance plans. The no-fault statute of limitation does not govern the rights of the insured employees to benefits under their health plans. Consequently, the no-fault automobile insurance act does not apply. Rather, the general six year statute of limitation, M.C.L. § 600.5813, properly applies. Further, the plaintiff brought its action within six years. Accordingly, this Court denies defendant Nickell's motion for

**1356**

summary judgment because it is not time barred.

Accordingly, Defendant E.L. Nickell's motion to dismiss plaintiff's action as time barred is denied.

## CONCLUSION

The motions for summary judgment of defendants Peerless Industries (MASCO); Viking Corporation Employee Benefit Plan; Taylor Building Products; Tinicum, Inc., Employee Benefit Plan; Pine Rest Christian Hospital; Sparatan Plastic Inc., Employee Benefit Plan; Northern Michigan Hospital, and E.L. Nickell, Co., Inc., are denied because their plans contain "escape" type coordinated benefits provisions.

The motion for summary judgment by E.L. Nickell based on the statute of limitation is also denied.

The motion for summary judgment by Lowell Engineering Corporation, Inc., is granted because it effectively excluded coverage for injuries received in an auto accident.

The motion for summary judgment by plaintiff Transamerica Insurance Company of North America against defendants Peerless Industries (MASCO); Viking Corporation Employee Benefit Plan; Taylor Building Products; Tinicum, Inc., Employee Benefit Plan; Pine Rest Christian Hospital; Sparatan Plastic Inc., Employee Benefit Plan; Northern Michigan Hospital, and E.L. Nickell, Co., Inc., is granted. The plaintiff may submit an order directing these several defendant employee benefit plans to pay to plaintiff the amounts of money that it paid to its insureds who were also members of these defendant plans. This does not include the defendant Lowell Engineering Corporation.