AUTO-OWNERS INSURANCE COMPANY v CORDUROY RUBBER
COMPANY

Docket No. 114550. Submitted January 18, 1989, at Lansing. Decided
April 21, 1989.

Randal and Ginny Vanderwal sustained injury in an automobile
accident. The Vanderwals were insured by Auto-Owners Insur-
ance Company under a policy of no-fault insurance which
provided for coordination of benefits with health insurance. The
Vanderwals were covered by a health plan provided by Mr.
Vanderwal's employer, Cadillac Molded Rubber Company, a
subsidiary of Corduroy Rubber Company. The health plan
conformed with the Employee Retirement Income Security Act
and was self-funded by Cadillac and contained a clause provid-
ing that benefits were not payable for injuries received in an
accident involving an automobile for which a no-fault policy is
in effect. Auto-Owners paid the Vanderwals' medical expenses
and later brought an action in Wexford Circuit Court seeking
reimbursement by Corduroy and Cadillac. The trial court,
William R. Peterson, J., granted summary disposition in favor
of defendants, ruling that benefits for the Vanderwals under
the health plan are not available pursuant to the plan's exclu-
sionary provision and that application of the no-fault act's
coordination-of-benefits provision is preempted by ERISA. The
Court of Appeals in an unpublished opinion per curiam, de-
cided June 23, 1987 (Docket No. 90026), affirmed the trial court.
The Supreme Court, in lieu of granting leave to appeal, re-
manded the matter to the Court of Appeals for reconsideration.
431 Mich 907 (1988).

On remand, the Court of Appeals held:

Regardless of whether an employee health plan is provided
by the employer through an insurer or is self-funded, ERISA
does not preempt the application of the no-fault act coordina-
tion-of-benefits provision, MCL 500.3109a; MSA 24.13109(1),

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Combining or "stacking" medical payment provisions of automobile
liability policy or policies issued by one or more insurers to one
insured. 29 ALR4th 49.

which makes health insurance coverage primary and no-fault coverage secondary.

Reversed.

Insurance — No-Fault — Coordination of Benefits — Employee Retirement Income Security Act.

Regardless of whether an employee health plan is provided by the employer through an insurer or is self-funded, the Employee Retirement Income Security Act does not preempt the application of the Michigan no-fault act coordination of benefits provision which makes health insurance coverage primary and no-fault coverage secondary (29 USC 1144; MCL 500.3109a; MSA 24.13109[1]).

*Barney, Hoffman & Gano* (by *Steven L. Barney*), for plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *Richard R. Hyde*), for defendants.

Before: Hood, P.J., and Maher and Beasley, JJ.

Per Curiam. The Michigan Supreme Court has vacated our earlier opinion in this case and remanded for reconsideration in light of *Teper v Park West Galleries, Inc*, 431 Mich 202; 427 NW2d 535 (1988). See 431 Mich 907 (1988).

This case concerns whether the federal Employee Retirement Income Security Act, 29 USC 1001 *et seq.*, precludes application of our no-fault coordination-of-benefits law, MCL 500.3109a; MSA 24.13109(1). Specifically at issue is whether the Vanderwals' no-fault insurer can look to Mr. Vanderwal's health plan, a self-insured plan of his employer governed by ERISA, to assume primary responsibility for medical expenses incurred by the Vanderwals in a car accident. The employer's health plan specifically excludes benefits for injuries received in accidents involving a car for which a no-fault insurance policy was in effect. The

health plan indicates that the benefits involved here were self-funded by the employer.

In our earlier unpublished opinion per curiam, decided June 22, 1987 (Docket No. 90026), we affirmed the trial court's dismissal of plaintiff's claim by finding that the claim was precluded under ERISA, relying on *State Farm Mutual Automobile Ins Co v C A Muer Corp,* 154 Mich App 330; 397 NW2d 299 (1986).

As set forth in *State Farm,* pp 334-336, two questions must be addressed to resolve the issue before us: (1) Since our no-fault law would require the health plan to take primary responsibility for paying for the medical expenses, does that law "relate to" the plan so that ERISA would preempt its application; and (2) Does our answer change because the health plan is a self-insured plan? The *Teper* opinion concerns only the first question.

ERISA expressly preempts the application of a state law which "relates to" an employee benefit plan. 29 USC 1144(a). In *Teper,* our Supreme Court reviewed the various United States Supreme Court decisions regarding ERISA preemption and the meaning of the term "relates to." Our Supreme Court found that a state law is preempted if it "relates to" an employee benefit plan by

> 1) altering the level of benefits which would be paid out under a given plan from state to state, 2) altering the terms of the plan such as requirements for eligibility, or 3) subjecting the fiduciaries of a plan to claims other than those provided in the ERISA itself. [431 Mich 221.]

The Michigan no-fault coordination-of-benefits law would require the health plan to assume primary responsibility for the Vanderwals' medical expenses despite the plan's exclusion clause.

*Federal Kemper Ins Co, Inc v Health Ins Adminis-
tration, Inc,* 424 Mich 537; 383 NW2d 590 (1980);
*Auto-Owners Ins Co v Lacks Industries,* 156 Mich
App 837; 402 NW2d 102 (1986), lv den 428 Mich
902 (1987). By doing so, our no-fault law comes
under the second example set forth in *Teper,*
because it alters the terms of the plan by requir-
ing a benefit that the employer otherwise was
under no obligation to provide. *Teper, supra,* p
214; *Shaw v Delta Air Lines, Inc,* 463 US 85; 103 S
Ct 2890; 77 L Ed 2d 490 (1983). Therefore, if *Teper*
were our only consideration, the no-fault law
would be preempted.

However, ERISA also includes a provision which
allows for the application of insurance laws even if
they "relate to" the plan. We therefore turn to
consideration of our second question: Does our
answer change because the health plan is a self-
insured plan?

As noted in *State Farm, supra,* p 335, there is a
"saving" clause in ERISA which would allow en-
forcement of the no-fault policy as a state law
regulating insurance. 29 USC 1144(b)(2)(A). This
saving clause is, however, limited by the "deemer"
clause which provides that an employee benefit
plan shall not be deemed an insurance company
for purposes of a state law regulating insurance
companies or contracts. 29 USC 1144(b)(2)(B). *State
Farm* held that, because the health plan there was
self-funded and not insured by a commercial insur-
ance company, it was not deemed to be subject to
the insurance laws of Michigan. Under *State
Farm,* the no-fault law would continue to be
preempted.

Since *State Farm,* however, the Sixth Circuit
Court of Appeals has considered the identical ques-
tion raised here of whether Michigan's no-fault
coordination-of-benefits law was preempted when

applied to self-insured health plans. In *Northern Group Services Inc v Auto Owners Ins Co,* 833 F2d 85 (CA 6, 1987), cert den — US —; 108 S Ct 1754; 100 L Ed 216 (1988), the court held that Michigan's coordination-of-benefits law was not preempted by ERISA. The *Northern Group Services* analysis has recently been adopted by this Court in *Michigan Millers Mutual Ins Co v West Michigan Health Care Network,* 174 Mich App 196; 435 NW2d 423 (1988), and in *Auto Club Ins Ass'n v Frederick & Herrud, Inc,* 175 Mich App 412; 438 NW2d 320 (1989). The interpretation of a federal statute is a question of federal law. *Cook v Detroit,* 125 Mich App 724, 730; 337 NW2d 277 (1983). We are persuaded that *Northern Group Services,* decided after *State Farm* and our earlier opinion in this case, is the better analysis of the federal preemption question. We therefore agree that Michigan's no-fault coordination-of-benefits law is not preempted by ERISA simply because an uninsured ERISA plan is involved. The fact that on its face the health plan excludes rather than provides for coordination of benefits does not change our conclusion. *Auto Owners, supra.*

Defendants' final issue, challenging plaintiff's standing, was not addressed in our earlier opinion. We also need not address it now since they did not properly raise this issue by filing a cross appeal. MCR 7.207; *Michigan Ass'n of Administrative Law Judges v Michigan Personnel Director,* 156 Mich App 388, 395; 402 NW2d 19 (1986). Nor is it clear that this issue was ever actually addressed by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987). In any event, it appears from the record that plaintiff insurance company is proceeding as subrogee of the Vanderwals and that the second review provided for in the health

plan policy is not mandatory. Defendants' standing arguments appear to be without merit.

In summary, we find that our no-fault coordination-of-benefits law would be preempted under *Teper* as a law which "relates to" an ERISA benefit plan. However, because the no-fault law is the type of state insurance regulation not barred by ERISA, the coordination-of-benefits law is saved from preemption. We therefore reverse the order granting summary disposition for defendants and remand this matter to the trial court. Jurisdiction is not retained.

Reversed.