BENIKE v SCARBOROUGH INSURANCE TRUST

Docket No. 82212. Submitted May 22, 1985, at Marquette.—Decided April 9, 1986. Leave to appeal denied, 425 Mich —.

The dependent son of Terrence Benike suffered a self-inflicted gunshot wound and was taken to two different hospitals, first for emergency care and then for surgery. Benike made a claim for benefits for the medical expenses incurred by his son with Scarborough Insurance Trust, which administered a group health plan Benike's employer had with Allstate Life Insurance Company. The emergency medical service bills were paid, but the trust on behalf of the insurer refused to pay the medical bills for the surgery when it was discovered that the injuries were self-inflicted, basing the denial of the claim on the policy provisions which provided that no benefits were payable for an expense incurred in connection with an intentionally self-inflicted injury and provided that an expense is a charge which a person is legally obligated to pay. While the policy specifically differentiated between employee insureds and dependent insureds for some purposes, there was no specific provision that the self-inflicted injury provision applied only to employee insureds. Benike brought an action in Delta Circuit Court, seeking benefits on the basis that the exclusionary language applied only to employee insureds and that, since he as the employee insured had not intentionally inflicted an injury upon himself but he had become legally obligated for the medical expenses of his son, he was entitled to benefits under the group medical policy serviced by Scarborough and issued by Allstate. The trial court, Clair J. Hoehn, J., held that the language of

REFERENCES

Am Jur 2d, Insurance §§ 269-319, 1551, 1842-1870, 1952.

Binding effects of limitations on or exclusions of coverage contained in master group policy but not in literature given individual insureds. 6 ALR4th 835.

Division of opinion among judges on same court or among other courts or jurisdictions considering same question, as evidence that particular clause of insurance policy is ambiguous. 4 ALR4th 1253.

See also the annotations in the ALR3d/4th Quick Index under Group Insurance.

the policy was ambiguous and thus should be construed against the insurer. Judgment was entered in favor of plaintiff. Defendants appealed. *Held:*

1. While not raised in the trial court, the Court of Appeals considered the question of whether the federal regulation of employee benefit plans under the Employee Retirement Income Security Act precluded state regulation of matters relating to such plans, including the application of the Michigan principle of insurance law that ambiguities in insurance policies should be construed against the insurer. Since the federal act specifically provides that the federal act shall not be construed to exempt a person from compliance with a state law regulating insurance, the federal act does not preclude the application of the state rule regarding the construction to be given to ambiguous provisions in insurance contracts.

2. The trial court erred in holding that the self-inflicted injury provision of the insurance contract was ambiguous. It is clear that the exclusion was intended to apply to both employee insureds and dependent insureds.

3. Since the policy at issue is a group health insurance policy rather than a general liability policy, the fact that plaintiff is obligated to pay for his son's medical expenses does not create an automatic obligation on the part of the insurer to reimburse plaintiff for those expenses.

Reversed.

1. INSURANCE — AMBIGUITY — EXCLUSIONARY CLAUSES — JUDICIAL CONSTRUCTION.

Ambiguous language in an insurance contract is construed against the insurer; ambiguous language in exclusionary clauses in insurance policies is to be strictly construed against the insurer.

2. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITY — PUBLIC POLICY.

Any clause in an insurance policy is valid as long as it is clear, unambiguous, and not in contravention of public policy.

3. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITY.

A contract of insurance is ambiguous and should be construed against its drafter if a fair reading of the entire contract leads to the understanding that there is coverage under particular circumstances and another fair reading of it is that there is no coverage under the same circumstances.

4. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITY.

A contract of insurance, however inartfully worded or clumsily

arranged, which fairly admits of but one interpretation may not be said to be ambiguous.

5. INSURANCE — GROUP HEALTH INSURANCE — SELF-INFLICTED INJURIES — EXCLUSIONS FROM COVERAGE.

Benefits under a group health plan which covers as insured both employees and dependents of those employees and which excludes from coverage any expense for or in connection with an intentionally self-inflicted injury are not available to a dependent insured who incurs medical expenses because of a self-inflicted injury where a fair reading of the policy language indicates that the self-inflicted injury exclusion was intended to be applied to all insureds and was not restricted to the employee insured.

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Richard C. Clark*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Theodore R. Opperwall*), for defendants.

Before: CYNAR, P.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. This case was presented on a stipulation of facts, the relevant portions of which follow.

On June 12, 1982, plaintiff's 15-year-old son was taken into custody by the police and after medical treatment was released to his parents. In the early evening of that date a shot was heard coming from the son's bedroom and when plaintiff went to the bedroom he discovered the boy suffering from a self-inflicted gunshot wound. The boy was taken to St. Francis Hospital in Escanaba for emergency care and then to Marquette General Hospital where surgery was performed.

Plaintiff's employer, State Bank of Escanaba, had a group health insurance policy with Allstate Life Insurance Company under which the son was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an insured as a result of being a dependent of plaintiff. The Scarborough Insurance Trust was the policy holder for administering its provisions. Medical bills were submitted to the Scarborough Insurance Trust and those from St. Francis Hospital were paid. However, when a report was received from Marquette General Hospital indicating the injury was self-inflicted, payment was denied on the ground that coverage was excluded under the policy for an intentionally self-inflicted injury or sickness while sane or insane. In holding for the plaintiff, the lower court applied the so-called Michigan "Scrivener's Rule", finding that an ambiguity existed in the policy and must be construed against the defendant insurer.

Defendants first submit that employee welfare benefit plans, such as involved herein, are governed by the Employee Retirement Income Security Act of 1974, 29 USC 1001 *et seq.* (ERISA) and that the lower court erred in applying a principle of Michigan insurance law, since state law is preempted by ERISA. The plaintiff, on the other hand, submits that, by reason of a "savings clause" included in the federal legislation which recognizes the authority of states to regulate insurance, state law is not preempted in the interpreting of the insurance policy. While the preemption argument was not raised in the lower court, it will be considered by this Court.

A broad preemption provision is contained in § 514a of ERISA, 29 USC 1144(a), which declares the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan". However, this preemption is substantially qualified by an "insurance savings clause", *i.e.,* § 514(b)(2)(A), 29 USC 1144(b)(2)(A) which also broadly states that, with one exception, nothing in ERISA "shall be construed to exempt to

relieve any person from any law of any State which regulates insurance, banking or securities".

The scope and effect of the preemption provision and the savings clause was recently considered by the United States Supreme Court in *Metropolitan Life Ins Co v Massachusetts,* 471 US —; 105 S Ct 2380; 85 L Ed 2d 728 (1985). Involved therein was a Massachusetts statute which required that specified minimum mental health-care benefits be provided to a Massachusetts resident who is insured under a general insurance policy, an accident or sickness insurance policy, or an employee health-care plan that covers hospital and surgical expenses. After considering the issue at some length, the United States Supreme Court held the Massachusetts statute was saved from the preemption by the savings clause, since the law regulated insurance. Similarly, in the instant case application of principles of Michigan insurance law are "saved" from the preemption.

The defendants next contend that even if the application of Michigan principles of insurance law is not preempted, nevertheless the trial court erred in determining the policy was ambiguous. It is submitted the policy is clear and unambiguous in its exclusion from coverage benefits for intentionally self-inflicted injuries irrespective of whether the person injured is an employee or dependent. Plaintiff argues that, because the policy is issued to an insured employee and not to the dependent, the benefit is paid to the insured and not the dependent. The exclusion, therefore, for self-inflicted injuries applies only to those inflicted by an employee insured. Plaintiff concludes that, since he as the insured employee did not intentionally inflict an injury on himself and since he is legally obligated to pay his minor son's medical expenses, he has incurred an expense which is

covered under the policy. The trial court in holding for the plaintiff found that the language of the policy did not support defendant's interpretation or, to the extent it did, it was ambiguous and must be construed against the defendant insurer.

The policy applies to two groups of insured, *i.e.,* employee insureds and dependent insureds. Various portions of the policy apply only to employee insureds. The pertinent exclusion in the policy provides that "no benefit is payable for *expense* for or in connection with: 1. Intentionally self-inflicted injury or sickness while sane or insane * * *". (Emphasis added.) Twelve other exclusions follow this exclusion. "Expense" is defined as "a charge which a person is legally obligated to pay * * *". There is no specific notation that this exclusion applies only to employee insureds.

It is hornbook law that an insurance contract ambiguity is construed against the insurer, and, in particular, exclusionary clauses in insurance policies are to be strictly construed against the insurer. *Engel v Credit Life Ins Co,* 145 Mich App 55, 61; 377 NW2d 342 (1985). In *Raska v Farm Bureau Ins Co,* 412 Mich 355, 361-362; 314 NW2d 440 (1982), the Supreme Court stated the following rules for construction of an insurance policy:

"Any clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy.

* * *

"A contract is said to be ambiguous when its words may reasonably be understood in different ways.

"If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and

should be construed against its drafter and in favor of coverage.

"Yet if a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear."

A fair reading of the insurance contract does not support a conclusion that the policy is ambiguous. The clear intent of defendant insurer throughout the policy is to exclude coverage for intentionally self-inflicted injuries. The exclusion for intentionally self-inflicted injuries is included in the provisions for basic medical, major medical, comprehensive medical, and accident. The policy does not differentiate between employee insureds and dependent insureds with regard to this and all other limitations, and there is no basis for making such a distinction.

Furthermore if, as plaintiff contends, benefits are payable for intentionally self-inflicted injuries incurred by a dependent, then it follows that one of the other twelve limitations, *i.e.,* exclusion for service in the military, participating in a felony, not being under the regular care of a physician, coverage under a workers' compensation law, routine medical examinations, etc., apply to dependents. Such result is contrary to the clear intent of the policy.

Plaintiff also argues that, because he is obligated to support his minor son and, hence, must pay for his son's medical expenses, defendant insurer is obligated to reimburse plaintiff. The policy in question is not a general liability policy, and the fact that plaintiff is liable for his son's expenses does not obligate defendant insurer to reimburse plaintiff for those expenses.

In conclusion, we find the policy unambiguously

excludes coverage for injuries which are intentionally self-inflicted by either the employee insured or a dependent insured. The judgment of the lower court is reversed and a judgment in favor of the defendants is granted.