FRANKENMUTH MUTUAL INSURANCE COMPANY v MEIJER,
INC

Docket No. 102284. Submitted August 17, 1988, at Grand Rapids.
Decided January 20, 1989.

John Golembiewski incurred expenses for medical treatment of
injuries he sustained in an automobile accident. At the time of
the accident, Golembiewski was insured under a no-fault auto-
mobile insurance policy issued by Frankenmuth Mutual Insur-
ance Company and, as an employee of Meijer, Inc., was covered
by the Meijer, Inc., Employee Benefit Plan, a plan meeting the
requirements of the Employee Retirement Income Security Act
and funded by Meijer subject to stop-loss insurance coverage by
Blue Cross and Blue Shield. Both the no-fault policy and the
employee benefit plan contained conflicting coordination-of-ben-
efits provisions. Frankenmuth Mutual brought an action in
Kent Circuit Court against Meijer, Inc., and the Meijer, Inc.,
Employee Benefit Plan, seeking a declaration that defendants
were liable for Golembiewski's medical expenses. The trial
court, George V. Boucher, J., issued a judgment in plaintiff's
favor. Defendants appealed.

The Court of Appeals *held:*

Defendants' employee benefit plan is not exempted by ERISA
from state regulation. Under Michigan law, where an insured
has elected to coordinate no-fault benefits with health insur-
ance, the health insurer is primarily liable for payment of the
insured's medical expenses resulting from injuries suffered in
an automobile accident.

Affirmed.

INSURANCE — NO-FAULT — EMPLOYEE BENEFIT PLANS — COORDINA-
TION OF BENEFITS.

An employee benefit plan pursuant to the Employee Retirement
Income Security Act which is funded by the employer but is
subject to a stop-loss insurance policy issued by an insurer is

REFERENCES
Am Jur 2d, Automobile Insurance § 368; Pensions and Retirement
Funds § 124.
See the Index to Annotations under Employee Retirement Income
Security Act; No-Fault Insurance; Other Insurance.

not exempted by ERISA from state regulation of insurance contracts; thus, where the coordination-of-benefits clause of such a plan conflicts with that of a no-fault automobile insurance policy, the plan is primarily liable for payment of an insured's medical expenses resulting from injuries suffered in an automobile accident (29 USC 1001 *et seq.*; MCL 500.3109a; MSA 24.13109[1]).

*Nelson & Kreuger, P.C.* (by *Jon J. Schrotenboer*), for plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Dennis C. Kolenda* and *Robert A. Hendricks*), for defendants.

Before: MACKENZIE, P.J., and McDONALD and R. E. ROBINSON,* JJ.

PER CURIAM. Defendants' appeal from a bench trial resulting in a declaratory judgment in favor of plaintiff requires us to decide whether plaintiff no-fault insurance carrier or defendant health insurance carrier is liable for payment of claimant John Golembiewski's medical expenses resulting from injuries suffered in an automobile accident. Both policies contain coordinated benefits clauses, and each party claims that its coverage is secondary to the other.

At the time of the accident, claimant was insured under a no-fault insurance policy issued by plaintiff. The policy granted claimant personal injury protection at a reduced premium rate in exchange for his election to coordinate such benefits with his health insurance. Plaintiff's coordination of benefits clause mandated by MCL 500.3109a; MSA 24.13109(1) provided that plaintiff was not liable for payment of expenses or losses paid or payable under the provisions of any other

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

health or accident insurance coverage available to the insured.

At the time of the accident, claimant, as an employee of Meijer, Inc., was also a participant in the Meijer Employee Benefit Plan, which, among other benefits, provided him with protection for medical expenses resulting from accidental injuries. This portion of the employee benefit plan was funded by Meijer from its own monies. To protect the plan from catastrophic loss, Meijer purchased stop-loss coverage from Blue Cross and Blue Shield. The plan's coordination of benefits clause provided that a participant was not eligible for benefits arising out of an accident involving a motor vehicle for which there was in effect a policy of no-fault automobile insurance.

In *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986), our Supreme Court established the principle that furthering the purpose of Michigan's no-fault act, which is to contain auto and health insurance costs while eliminating duplicate recovery, required that the no-fault insurer's coordination of benefit clause take precedence over similar provisions in health insurance policies.

However, defendants assert that, since their benefit plan is uninsured, § 3109a and *Kemper* do not control this case because § 3109a is preempted by the federal Employee Retirement Income Security Act, 29 USC 1001 *et seq.* The preemption provision is contained in 29 USC 1144(a), which provides in part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . .

In support of their argument, defendants refer us to *Metropolitan Life Ins Co v Massachusetts,* 471 US 724; 105 S Ct 2380; 85 L Ed 2d 728 (1985), where it was held that ERISA benefit plans are subject to state regulation if these plans purchase insurance.

In reaching its conclusion, the *Metropolitan* Court considered 29 USC 1144(a), along with the ERISA "savings clause," 29 USC 1144(b)(2)(A):

> Except as provided in (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance . . . .

Subparagraph (B) referred to above is the socalled "deemer" clause, 29 USC 1144(b)(2)(B):

> Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts . . . .

Although the Supreme Court did not have to address the possible restrictive effect of the "deemer clause" or the "savings clause," it did, by way of dicta, suggest that an uninsured employee benefit plan is not subject to state regulation because the plan is not an insurance company and may not be "deemed" to be such under 29 USC 1144(b)(2)(B).

Defendants refer us to *State Farm Automobile Ins Co v C A Muer Corp,* 154 Mich App 330; 397 NW2d 299 (1986), where another panel of this Court, relying in part on the dicta in *Metropolitan,* reached the conclusion that an uninsured benefit

plan is indeed protected from state regulation by 29 USC 1144(b)(2)(B).

However, this argument assumes that defendant's plan is not insured. We disagree. A similar argument was made in *Northern Group Services, Inc v Auto Owners Ins Co,* 833 F2d 85 (CA 6, 1987), where the court responded to the following effect:

> Appellee plans argue that the Highland Plan is "uninsured" because (1) the actual insured is the employer, Highland Appliance Company, and not the Plan; and (2) the insurer's liability comes into effect only when specified benefit ceilings are exceeded. Both arguments are without merit. Whether the actual insured is the employer or the ERISA plan, the stop-loss insurance is purchased to "provide benefits for plans subject to ERISA." *Metropolitan Life,* [471 US 738, n 15; 105 S Ct 2388; 85 L Ed 2d 739]. That the Plan pays a deductible does not alter the fact that benefits payable above specified levels, either on an individual beneficiary or in the aggregate, are nonetheless insured. See [*Michigan United Food & Commercial Workers Unions v Baerwaldt,* 767 F2d 308, 313 (CA 6, 1985)]. [833 F2d 91.]

In like manner is defendants' plan, with its stop-loss coverage, an insured plan which under ERISA's "savings clause" is not protected from the effect of § 3109a of the Michigan no-fault insurance law.

Affirmed.