AUTO-OWNERS INSURANCE COMPANY v AUTODIE
CORPORATION EMPLOYEE BENEFIT PLAN

Docket No. 119916. Submitted June 26, 1990, at Grand Rapids.
Decided September 12, 1990.

Chad Alan Lake, a minor, was injured in a motor vehicle accident
at a time when he was insured by Auto-Owners Insurance
Company under a no-fault automobile insurance policy. The
Auto-Owners policy contained a coordinated benefits clause by
which Auto-Owners was liable for no-fault personal injury
protection benefits to the extent that those were in excess of
coverage for expenses provided under any individual or group
health coverage plan. Chad's father had a health care benefits
plan providing medical expense coverage under the Autodie
Corporation Employee Benefit Plan. That plan contained a
clause providing that benefits were not payable under the plan
for injuries received in an accident involving a car or other
motor vehicle. Auto-Owners filed suit against Autodie Corpora-
tion Employee Benefit Plan in Kent Circuit Court seeking to
recoup all amounts which Auto-Owners paid for medical expen-
ses arising out of the accident which were not in excess of the
coverage available under defendant's health care coverage plan.
The court, George S. Buth, J., granted summary disposition in
favor of defendant on the ground that defendant's plan validly
excluded any liability of defendant for Chad Lake's medical
expenses. Plaintiff appealed.

The Court of Appeals held:

Defendant's health plan policy explicitly excludes coverage
for injuries received in a motor vehicle accident in Michigan.
The trial court did not err when it determined that the exclu-
sion clause of defendant's policy validly excluded liability for
medical expenses incurred by Chad Lake as a result of the
accident.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 433, 434; Insurance §§ 1094,
1095, 1794, 1795.

Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

INSURANCE — NO-FAULT — HEALTH INSURANCE — COORDINATION OF
  BENEFITS — EXCLUSIONS.
  When a no-fault automobile insurance policy and a health insur-
     ance policy contain coordinated benefits clauses, the health
     insurance carrier is primarily liable for the insured's medical
     expense resulting from injuries suffered in a motor vehicle
     accident; however, where the health insurance policy does not
     contain a coordinated benefits clause and explicitly excludes
     coverage for injuries received in a motor vehicle accident, the
     health insurance carrier has no liability for the insured's
     medical expenses arising out of the motor vehicle accident
     (MCL 500.3109a; MSA 24.13109[1]).

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *David Oppliger* and *Nancy J. Bourget*), for
plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Rob-
ert A. Hendricks*), for defendant.

Before: MURPHY, P.J., and HOLBROOK, JR., and
MAHER, JJ.

PER CURIAM. Plaintiff Auto-Owners Insurance
Company appeals the trial court's order granting
defendant Autodie Corporation Employee Benefit
Plan (Autodie) summary disposition. Plaintiff's ac-
tion was brought to recoup medical expenses paid
by plaintiff on behalf of Chad Alan Lake under his
no-fault insurance policy. Plaintiff sought to re-
coup these medical expenses from Autodie under
its health insurance policy.

Chad Alan Lake, a minor, was injured in a
motor vehicle accident at a time when he was
insured by Auto-Owners under its no-fault insur-
ance policy. This policy contained a coordinated
benefits clause by which Auto-Owners was liable
for no-fault personal injury protection benefits to
the extent that those were in excess of coverage
for expenses provided under any individual or

group health coverage plan. Autodie had a health care benefit plan providing medical expense coverage to Mr. Lake.

However, the Autodie plan contained a clause which provided as follows:

> Michigan No Fault Exclusion
> Benefits are *not payable* under this Plan for injuries received in an accident involving a car or other motor vehicle.

The trial court determined that the Autodie policy validly excluded liability of Autodie for Mr. Lake's medical expenses from the motor vehicle accident.

The law is clear that when the no-fault insurance policy and a health insurance policy contain coordinated benefits clauses, the intent of the no-fault insurance act, expressed in MCL 500.3109a; MSA 24.13109(1), mandates that the health insurance carrier will be primarily liable for the insured's medical expenses resulting from injuries suffered in a motor vehicle accident. *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986). However, the plan at issue does not attempt to coordinate benefits under the above-quoted language. Rather, the Autodie policy explicitly excludes coverage for injuries received in a motor vehicle accident in Michigan. There is no possibility of duplicative recovery nor is there a conflict between this policy language and the coordinated benefit language of the Auto-Owners policy. The wording of the Autodie policy is similar to an exclusion clause determined to be valid in *Transamerica Ins Co of North America v Peerless Industries,* 698 F Supp 1350, 1355-1356 (WD Mich, 1988).

We conclude that the trial court did not err when it determined that the exclusion clause of the Autodie policy validly excluded liability for medical expenses incurred by Mr. Lake from the motor vehicle accident in Michigan. In view of this holding, remaining issues raised by plaintiff need not be addressed.

Affirmed.