760 F.Supp. 665 (1991)
ALLSTATE INSURANCE COMPANY, Individually and/or as Subrogee of Michael Gouin, and Michael Gouin, Individually, Plaintiffs,
v.
MICHIGAN CARPENTERS' COUNCIL HEALTH & WELFARE FUND, Defendants.
No. 4:89-CV-91.
United States District Court, W.D. Michigan.
April 4, 1991.
*666 *667 Jon J. Schrotenboer, Nelson & Kreuger, P.C., Grand Rapids, Mich., for plaintiffs.
Christopher P. Legghio, Miller, Cohen, Martens & Ice, P.C., Southfield, Mich., Edward R. Freeberg, Plainwell, Mich., Albert J. Engel, III, Cholette, Perkins & Buchanan, Grand Rapids, Mich., for defendants.

OPINION
ENSLEN, District Judge.
This case is before the Court on two motions: 1) defendant's motion for relief from judgment; and 2) plaintiff's motion for attorney fees, costs, and interest.

I. Defendant's motion for relief from judgment
On July 18, 1990, this Court entered judgment in favor of plaintiff, Allstate Insurance Company, and against defendant. 750 F.Supp. 827. The basis for the judgment was the finding that pursuant to Sixth Circuit precedent, Northern Group Servs., Inc. v. Auto Owners Ins. Co., 833 F.2d 85 (6th Cir.1987), cert. denied sub nom., Northern Group Servs., Inc. v. State Farm Mut. Auto. Ins. Co., 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), federal law did not preempt Michigan state insurance law, Mich.Comp.Laws Ann. § 500.3109(a), which dictates that the health care provider is primarily liable over the no-fault insurance provider. Accordingly, by application of Michigan law, defendant's policy is primary. What the outcome would have been under federal law is not clear. The Court did not reach that issue in its Opinion. Defendant argues in this motion that pursuant to a recent Supreme Court decision in FMC Corp. v. Holliday, ___ U.S. ___, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), "the Fund's coordination of benefits provisions may no longer be abrogated by operation of state law." Brief in Support at 3.
*668 Subsequent to this Court's final judgment, the United States Supreme Court issued a decision in FMC that effectively overruled the Sixth Circuit's decision in Northern Group Servs. The Supreme Court held that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., preempts all state regulation of self-funded ERISA employee welfare benefit plans.[1]FMC, ___ U.S. at ___, 111 S.Ct. at 410-11, 112 L.Ed.2d at 368. Because this Court relied on a case that has been overruled by the Supreme Court, defendant argues that "[j]ustice demands that [the judgment] be set aside and that Plaintiff be ordered to reimburse the Fund for all amounts paid to it in satisfaction of the same." Brief in Support at 3-4. Defendant seeks relief from the Court's judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (4), (5), and (6).
Rule 60(b)(1) provides that the Court may relieve a party from a final judgment in the case of mistake, inadvertence, surprise, or excusable neglect. The only possibly applicable term in this section is "mistake." One could argue that the outcome in this case is a "mistake" insofar as the Court relied on the Sixth Circuit's view of the law, which could be interpreted as a mistaken view. There is no support for this construction. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2858 (1973). At the time the decision was rendered, the Sixth Circuit's view was controlling authority. A change in the law does not render all decisions made based on the prior law "mistakes" subject to post-judgment reversal.
Rule 60(b)(4) is likewise inapplicable to the circumstances presented by defendant in this case. It permits relief from a final judgment that is "void." Courts have found a final judgment void only if the Court lacked jurisdiction or "acted in a manner inconsistent with due process of law." Id. § 2862, at 199-100 (numerous citations omitted).
On first blush, Rule 60(b)(5) appears applicable to the relief sought under these circumstances. Rule 60(b)(5) provides that the Court may relieve a party from a final judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." On closer examination, it is clear that the section does not apply. Rule 60(b)(5) may provide relief to a party only if the court relied upon a prior judgment as a basis for application of the doctrines of collateral estoppel or res judicata. "It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." C. Wright & A. Miller, supra, § 2863, at 204 (citing e.g., Tomlin v. McDaniel, 865 F.2d 209, 210-11 (9th Cir. 1989); Harris v. Martin, 834 F.2d 361, 364 (3d Cir.1987)). The Court should engage in post-judgment consideration of the equities of the judgment only under circumstances when the judgment involves prospective obligations and effects requiring ongoing court supervision or execution. Id. (citing e.g., Twelve John Does v. District of Columbia, 841 F.2d 1133, 1139 (D.C.Cir. 1988)). The Court should not reconsider judgments that impose only money damages in compensation for a past wrong. Id. at 205 (citing e.g., In re Fine Paper Antitrust Litigation, 840 F.2d 188, 194 (3d Cir.1988)). Hence, Rule 60(b)(5) is not applicable to the relief from judgment sought in this case.
Finally, defendant also seeks relief pursuant to Rule 60(b)(6), which invests the Court with the discretion to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed.R.Civ.P. 60(b). Courts may vacate a judgment "whenever that action is appropriate to accomplish justice." 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2864, at 211-12 (1973) (citing Klapprott v. United States, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949)). Usually, the court grants motions under *669 Rule 60(b)(6) when the judgment was obtained by a party's improper conduct or by an excusable default, id. at 213 (citing U.S. v. Cato Bros., Inc., 273 F.2d 153, 157 (4th Cir.1959)), or in other "extraordinary circumstances." Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950); United States v. Cirami, 563 F.2d 26, 32 (2d Cir.1977). The movant must file the motion in a timely fashion. Id. The Court should only grant this motion in "extraordinary circumstances," Mallory v. Eyrich, 922 F.2d 1273, 1281 (6th Cir.1991), or under circumstances imposing "extreme hardship," Cirami, 563 F.2d at 33 (citation omitted), because of the strong interest in finality of judgments.
I find that defendant has failed to demonstrate extraordinary circumstances or undue hardship in this case. Generally, courts should not grant relief under Rule 60(b)(6) when the moving party has failed to take the steps necessary to protect its own interests, such as filing an appeal. C. Wright & A. Miller, supra, § 2864, at 214-15. See also Steinhoff v. Harris, 698 F.2d 270, 275 (6th Cir.1983) (a party may not use Rule 60(b) to obtain relief from informed choices it has made, such as foregoing an appeal, when consequences are ultimately unfavorable).
Although it certainly could have argued that the court should change the law in this circuit, defendant did not exercise its right of appeal. In Northern Group, 833 F.2d at 93, the Sixth Circuit applied a balancing test in determining whether federal law should preempt state law. The court weighed the interests in national uniformity against the interests in state control over insurance regulation. Defendant could have argued that at least since the decision in Northern Group, it has become evident that the interests in national uniformity, as more national pension plans are developed covering insureds around the country, should prevail over local control. Defendant did not appeal, on these or other grounds. Now that the Sixth Circuit decision has been effectively overruled, defendant is asking this court to revoke its judgment on the basis that it is unjust to allow the judgment to stand. Given the law at the time the judgment was issued, there are no grounds to conclude that defendant has been unfairly dealt a lousy hand.
I find under the circumstances in this case, that defendant has not demonstrated extraordinary circumstances or undue hardship. Evolving legal standards are part and parcel of the legal system in this country. As conditions change, so must some laws. That defendant suffered a judgment and paid damages pursuant to legal doctrine that has subsequently been overruled is an inevitable consequence. To avoid unending requests for relief in such circumstances, the courts should revoke final judgments rarely  only in truly extraordinary circumstances. For these reasons, I deny defendant's motion for relief from judgment.

II. Plaintiff's motion for attorney fees, costs, and interest

A. Attorney fees
Plaintiff, Allstate Insurance Company, seeks attorney fees pursuant to ERISA, 29 U.S.C. § 1132(g)(1), which provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The decision whether to award attorney fees is within the "broad discretion of the trial court." The Sixth Circuit will reverse the decision only if it "has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 557 (6th Cir.1987).
There are five factors the court must consider when determining whether to award attorney fees pursuant to section 1132(g)(1): 1) the opposing party's culpability or bad faith; 2) the ability of the opposing party to pay attorney fees; 3) whether an award of attorney fees would deter others in similar circumstances; 4) whether the movant sought to benefit all participants of a multiemployer plan or to resolve a significant legal question; and 5) the *670 relative merits of the parties' position. Sweet v. Consol. Aluminum Corp., 913 F.2d 268, 271 (6th Cir.1990); Central States Pension Fund v. 888 Corp. 813 F.2d 760, 767 (6th Cir.1987). The test is a flexible one, intended for guidance only. Firestone, 810 F.2d at 558. Not all factors may be relevant and no one factor should be determinative. Id.
In this case, plaintiff has not demonstrated its right to an award of attorney fees. In fact, plaintiff did not even address these factors. There is no evidence presented demonstrating that defendant has acted in bad faith or otherwise engaged in activities or conduct that need be deterred. On the contrary, the Sixth Circuit has recognized, in the context of addressing a losing Fund's liability for attorney fees, that pension plans have "a fiduciary duty to act in a reasonable fashion to protect the Fund's assets." Central States, 813 F.2d at 767. Merely the fact that the Fund in this case was unsuccessful in its defense against primary liability does not indicate bad faith. The Fund had a perfectly legitimate and reasonable defense. Indeed, as discussed supra, were the Court to determine liability today, the outcome would possibly be different pursuant to recent legal developments.
Accordingly, I find that plaintiff is not entitled to an award of attorney fees.

B. Costs
Plaintiff also seeks an award of taxable costs pursuant to 28 U.S.C. § 1920. Defendant concedes that it is liable for postjudgment interest. Defendant also concedes that pursuant to Federal Rules of Civil Procedure 54 and 28 U.S.C. §§ 1920 & 1923, prevailing parties are usually entitled to recover their statutory costs. However, defendant argues that because of its good faith, and the close and difficult nature of the issue in dispute, the Court should not award costs in this case. Brief in Opposition at 9-10 (citing White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728 (6th Cir.1986)). I agree.
Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). 28 U.S.C. § 1920 provides for specific costs which the Court may tax, such as costs of the clerk or the marshall, costs of the court reporter, fees for printing and for witnesses, etc. As a general rule, courts should award prevailing parties costs.
Losing parties may, however, show "`circumstances sufficient to overcome the presumption favoring an award of costs.'" Goostree v. State of Tenn., 796 F.2d 854, 863-64 (6th Cir.1986) (quoting White, 786 F.2d at 731-32). The Court may deny costs to the prevailing party if "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir.1959), cited in White, 786 F.2d at 730. Circumstances in which the Sixth Circuit has found the denial of costs proper include "cases that are `close and difficult.'" White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d at 730 (citing United States Plywood Corp. v. General Plywood Corp., 370 F.2d 500, 508 (6th Cir.1966)).
The legal issue in dispute in this case is close and difficult, as exemplified by the recent Supreme Court decision in FMC Corp. v. Holliday, ___ U.S. ___, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). See supra. For this reason, I find that under the circumstances of this case, an award of costs to the prevailing plaintiff would be inequitable.
NOTES
[1] If the Plan is insured, the state may regulate it indirectly by regulating the insurer and its contracts. FMC, ___ U.S. at ___, 111 S.Ct. at 410-11, 112 L.Ed.2d at 368.