TRANSAMERICA INSURANCE COMPANY OF AMERICA v IBA
HEALTH & LIFE ASSURANCE COMPANY

Docket No. 126885. Submitted May 14, 1991, at Grand Rapids. Decided July 8, 1991, at 9:25 A.M.

Transamerica Insurance Company of America brought an action in the Kalamazoo Circuit Court against IBA Health and Life Assurance Company, seeking reimbursement of sums it expended for the medical care of a person who was injured in an automobile accident while insured under a no-fault policy providing for coordinated personal protection insurance benefits issued by the plaintiff, and a health and accident policy issued by the defendant. Relying on a provision in its policy that limited coverage for injuries sustained in an automobile accident to $5,000 for each accident, the defendant denied any liability in excess of that amount. The court, Philip D. Schaefer, J., granted summary disposition for the plaintiff, ruling that the defendant's limitation provision was invalid. The defendant appealed.

The Court of Appeals *held:*

Where a clear and unambiguous limitation of benefits for injuries related to automobile accidents appears in a health insurance policy without reference to the existence of other insurance coverage, such limitation is a valid exclusionary provision.

Reversed.

Insurance — No-Fault — Personal Protection Insurance — Coordination of Benefits.

Where a person sustains injury as a result of an automobile accident while insured under a health policy that in clear and unambiguous terms sets a dollar limit on coverage for injuries related to automobile accidents without reference to other insurance, and under a no-fault policy that provides for the coordination of personal protection insurance benefits with

References

Am Jur 2d, Automobile Insurance §§ 368, 437.

See the Index to Annotations under No-Fault Insurance; Other Insurance.

other medical insurance, the health insurer is liable for the person's medical expenses up to the limit in its policy and the no-fault insurer is liable for the portion of expenses in excess of the health insurer's limitation (MCL 500.3109a; MSA 24.13109[1]).

*Dilley, Dewey & Damon, P.C.* (by *Jennie Boldish Bryan*), for the plaintiff.

*Deming, Hughey, Lewis, Keiser, Allen & Chapman, P.C.* (by *Stephen M. Denefeld* and *Anne M. Fries*), for the defendant.

Before: HOOD, P.J., and McDONALD and FITZGERALD, JJ.

FITZGERALD, J. This case of first impression concerns a dispute between plaintiff no-fault insurance carrier and defendant health insurance carrier over which is liable for payment of a claimant's medical expenses resulting from injuries suffered in an automobile accident. We are asked to determine whether a clause contained in defendant's health insurance policy, which limits benefits for injuries arising from an automobile accident, regardless of other insurance coverage, to $5,000, is an invalid escape clause. We are persuaded that defendant's clause is a valid exclusionary clause that is not contrary to § 3109a of the no-fault act.[1] Thus, we hold that defendant health insurer is not liable beyond the $5,000 policy limit for injuries related to automobile accidents.

I

The facts are undisputed. At the time of the accident, the claimant was insured for personal injury protection (PIP) benefits under a no-fault

[1] MCL 500.3109a; MSA 24.13109(1).

automobile insurance policy issued by plaintiff. Because claimant elected to coordinate these no-fault PIP benefits with his health insurance, plaintiff offered the coverage at a reduced premium. Plaintiff's coordination of benefits clause provides:

> In consideration of the premium for Personal Protection Insurance Benefits (Personal Injury Protection) shown on the Declarations, the Michigan No-Fault Insurance Endorsement of this Policy is amended to include the Coordination of Benefits as follows:
>
> *A-1.(a)-Allowable Expenses Exclusion (Excess Only)*
>
> The Company shall not be liable to the extent any Personal Protection Insurance allowable expenses benefits are paid, payable, or required to be provided to or on behalf of the person named in the Policy, their spouse and any relative of either domiciled in the same household, under the provision of any valid and collectible
>
> 1. individual, blanket or group accident disability or hospitalization insurance; or
>
> 2. medical or surgical reimbursement plan; or
>
> 3. automobile or premises insurance affording medical expense benefits.

The claimant also had coverage for medical and hospital expenses under a health insurance policy provided by defendant. That policy contains language which provides that

> eligible expenses are the reasonable and customary charges for: . . . (P) injuries sustained in an automobile accident, in an amount not to exceed $5,000.00 per accident.

Following the accident, defendant paid $5,000 pursuant to its policy, and plaintiff paid the remaining sum. On August 1, 1989, plaintiff filed

suit, asserting that the coordination of benefits law in Michigan requires defendant to reimburse plaintiff for medical expenses it paid on behalf of the claimant.

Both parties moved for summary disposition. Following hearings on the motions on January 19 and February 13, 1990, the trial judge held that defendant's clause was an "other insurance" escape clause that is contrary to the no-fault statute:

> [A]lthough the IBA policy makes no reference to other coverage, it is apparent to this Court that no-fault is a mandatory requirement of every driver in Michigan; and that, therefore, in suggesting that liability would be limited to only $5,000 in automobile cases was in effect tantamount to saying we recognize that you have no-fault coverage because that's mandated by law, and therefore, in establishing our coverage we are recognizing that there is other coverage, which is a mind-set and an attitude that was rejected I believe by the Michigan Supreme Court in the *Federal Kemper* [*Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986)] decision and as buttressed by the Court of Appeals in *Michigan Mutual* [*Ins Co v American Community Mutual Ins Co,* 165 Mich App 269; 418 NW2d 455 (1987)].

Accordingly, plaintiff's motion for summary disposition was granted, and defendant's was denied.

II

The law is clear that when a no-fault insurance policy and a health insurance policy contain coordinated benefits clauses, the intent of the no-fault act, expressed in MCL 500.3109a; MSA 24.13109(1), mandates that the health insurance carrier will be primarily liable for the insured's medical expenses resulting from injuries suffered in a motor vehicle

accident. *Federal Kemper, supra.* Additionally, the parties herein agree that defendant properly could have entirely and unconditionally excluded coverage for injuries suffered in a motor vehicle accident. *Auto-Owners Ins Co v Autodie Corp Employee Benefit Plan,* 185 Mich App 472; 463 NW2d 149 (1990); *Transamerica Ins Co of North America v Peerless Industries,* 698 F Supp 1350 (WD Mich, 1988). Plaintiff argues, however, that because defendant opted to provide coverage for injuries related to auto accidents, defendant's attempt to limit coverage for expenses arising as a result of injuries suffered in an auto accident constitutes an "other insurance" provision that should be construed as an attempt to coordinate benefits. We disagree.

Coordinated benefits provisions appear in three forms: "excess," "pro rata," and "escape" or "other insurance." The excess type provides benefits over the limits of the primary policy, the pro rata type provides benefits in proportion to the amount of total coverage available, and the escape type provides no coverage if other benefits are available. Escape coverage is conditioned on the existence of other insurance. *Federal Kemper, supra* at 542. With all three types, benefits are available, but coordinated.

The phrasing of a purported exclusion conditioning coverage on the existence of other insurance is crucial in determining whether it is actually an exclusion or merely an escape type provision. *Peerless, supra* at 1352. If an exclusion of coverage is stated absolutely in a health insurance policy without reference to other insurance, then it is not conditioned on the existence or nonexistence of other insurance. Such an exclusion provision qualitatively differs from an escape type coordinated benefits provision that is expressly conditioned on

the existence of other insurance. Such coverage simply does not exist, regardless of the existence of any no-fault benefit. *Peerless, supra.*

Similarly, where a health insurer opts to pay a specific sum for injuries arising from a motor vehicle accident, regardless of the existence of any no-fault benefits, such limitation of benefits is a valid exclusionary clause when the exclusion is clear, unambiguous, and does not violate public policy.[2] *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 361-362; 314 NW2d 440 (1982); *Benike v Scarborough Ins Trust,* 150 Mich App 710; 389 NW2d 156 (1986). Plaintiff argues that because Michigan law requires no-fault coverage, any limitation of benefits is necessarily an "other insurance" provision. However, if limitation provisions do not limit coverage under *Federal Kemper* because of the existence of no-fault insurance, as the trial court held, health insurers would be required to provide PIP benefits for injuries related to auto accidents. This would be tantamount to mandating health insurers to provide PIP benefits when the health insurers exercise their discretion to design plans that will best serve the needs of their members.

We hold that where a clear and unambiguous limitation of benefits for injuries related to auto accidents appears in a health and accident insurance policy, without reference to the existence of other insurance coverage, such limitation is a

[2] Such limitation of benefits is distinguishable from the limitation which this Court declined to enforce in *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269; 418 NW2d 455 (1987). The clause therein contained language limiting the health insurer's liability to $300 "when benefits are provided under the [no fault act]." The clause was construed to be an escape clause that enabled the health insurer to escape liability after payment of $300. Enforcement of the "other insurance" provision limiting liability to a de minimis amount enabled the health insurer to circumvent primary liability and shift it to the no-fault insurer.

valid exclusionary provision and "other health and accident coverage on the insured exists" only for the amount set forth in the health insurer's policy. In this case, benefits up to $5,000 are payable by defendant without reference to plaintiff's coverage, and plaintiff is only responsible, according to the terms of its policy, for expenses in excess of such benefits. Consequently, § 3109a applies only to the extent of the policy limitation, and *Federal Kemper* does not apply. We realize that plaintiff may have improvidently sold no-fault insurance with coordinated benefits provisions at reduced premiums to its insureds where the "other health and accident coverage" did not justify such sale. Nonetheless, the result we have reached effectuates the intent of health care plans that have clearly and unambiguously tailored their coverage to meet the needs of their members.

Reversed.