AUTO CLUB INSURANCE ASSOCIATION v FREDERICK &
HERRUD, INCORPORATED (ON REMAND)

Docket No. 135974. Submitted December 26, 1990, at Lansing. De-
cided October 8, 1991, at 9:35 A.M.

Auto Club Insurance Association brought an action in the Oak-
land Circuit Court against Frederick & Herrud, Inc., alleging
that it was entitled to reimbursement of no-fault benefits it has
paid to seven of its named insureds who were employees of the
defendant. Frederick & Herrud provided its employees self-
funded health and accident benefits, but specifically excluded
their payment if the insured was covered by no-fault insurance.
Auto Club, whose policies contained coordination of benefits
claims, asserted that the defendant's contract was primary. The
court, Frederick C. Ziem, J., found each party responsible for
payment of one-half the benefits owed the insureds. The defen-
dant appealed, and the plaintiff cross appealed. The Court of
Appeals, DANHOF, C.J., and R.B. BURNS and V.J. BRENNAN, JJ.,
reversed, concluding that the Legislature, in providing that no-
fault insurers were required to offer coordination of benefits
options to their insureds, intended health and accident insur-
ance coverage to be primary and no-fault, secondary, and
remanded for entry of judgment and determination of liability.
145 Mich App 722 (1985).

On remand, the defendant moved for leave to amend its
answer to add the affirmative defense that the plaintiff's state
claim was preempted by the Employee Retirement Income
Security Act, 29 USC 1144(a). The circuit court denied the
motion, and the defendant moved for summary disposition,
asserting that the ERISA deprived the court of subject-matter
jurisdiction. The court denied the defendant's motion and en-
tered a judgment for the plaintiff. The defendant appealed, and
the Court of Appeals, GRIBBS, P.J., and MAHER and J.L. BANKS,
JJ., affirmed, finding that the plaintiff's claim was not

REFERENCES

Am Jur 2d, Automobile Insurance § 443; Pensions and Retirement
Funds §§ 115-118, 130.

See the Index to Annotations under Employee Retirement Income
Security Act; No-Fault Insurance.

preempted by the ERISA. 175 Mich App 412 (1989). The Michigan Supreme Court denied the defendant's application for leave to appeal. 433 Mich 902 (1989). The United States Supreme Court granted certiorari, vacated the decision of the Court of Appeals, and remanded the case to the Court of Appeals for reconsideration in light of *FMC Corp v Holliday*, 498 US —; 112 L Ed 2d 356 (1990). — US —; 112 L Ed 2d 559 (1990).

On remand, the Court of Appeals *held:*

State regulation of the defendant's health and accident insurance plan is precluded by the ERISA because it is self-insured. The ERISA preempts claims involving uninsured self-funded employee benefit plans brought under the coordination of benefits provision of the Michigan no-fault act, MCL 500.3109a; MSA 24.13109(1).

Reversed.

INSURANCE — NO-FAULT — SELF-INSURED BENEFIT PLANS — EMPLOYEE RETIREMENT INCOME SECURITY ACT.

The Employee Retirement Income Security Act preempts state regulation of uninsured self-funded employee benefit plans; because state regulation of such plans is precluded, so are claims brought against those plans under the coordination of benefits provision of the Michigan no-fault act; if a plan is insured, the state may regulate it indirectly through regulation of its insurer and its insurer's contracts (29 USC 1144[a]; MCL 500.3109a; MSA 24.13109[1]).

*John W. Kline (Nancy L. Bosh, of Counsel),* for the plaintiff.

*Finkel, Whitefield & Selik, P.C. (by Bradley T. Raymond),* for the defendant.

ON REMAND

Before: GRIBBS, P.J., and DOCTOROFF and REILLY, JJ.

PER CURIAM. This case has been remanded to us by the United States Supreme Court for our reconsideration in light of *FMC Corp v Holliday,* 498 US —, 111 S Ct 403; 112 L Ed 2d 356 (1990). We reverse.

This matter is before us for the third time. This litigation involved a dispute between plaintiff and defendant regarding which of them should bear primary responsibility for medical and related expenses incurred by several employees of defendant. These employees were covered by no-fault insurance policies issued by plaintiff and by a self-funded health and accident benefit plan operated by defendant. In our initial decision, we reversed the lower court's order holding each party responsible for payment of one-half the benefits owed to the insureds and concluded that the Legislature intended the health and accident coverage to be primary and the no-fault coverage to be secondary. We remanded this case for entry of judgment and determination of liability consistent with our opinion. *Auto Club Ins Ass'n v Frederick & Herrud, Inc,* 145 Mich App 722; 377 NW2d 902 (1985).

Following remand to the circuit court, defendant moved for leave to amend its answer to add the affirmative defense that plaintiff's state claim was preempted by the Employee Retirement Income Security Act (ERISA), 29 USC 1144(a). The circuit court denied the motion to amend, finding no newly discovered facts and undue delay in bringing the motion. Defendant then moved for summary disposition, asserting that the ERISA deprived the state court of subject-matter jurisdiction of the dispute. The circuit court denied defendant's motion for summary disposition and entered judgment for plaintiff. Defendant appealed the circuit court decision to this Court.

This Court issued a published opinion noting that the issue whether MCL 500.3109a; MSA 24.13109(1) was preempted by the ERISA had been resolved in *Northern Group Services, Inc v Auto Owners Ins Co,* 833 F2d 85 (CA 6, 1987), cert den 486 US 1017 (1988):

We believe the Sixth Circuit's construction of the pertinent ERISA provisions is persuasive and, as a federal court construing federal law, its decision is controlling precedent. [175 Mich App 412, 418-419; 438 NW2d 320 (1989).]

Defendant's application for leave to appeal was denied by our Supreme Court, 433 Mich 902 (1989). However, in November 1990, the United States Supreme Court released *FMC v Holliday, supra.* Shortly after its decision in *FMC,* the United States Supreme Court granted certiorari in this case, vacated our decision, and remanded this matter to us for reconsideration in light of *FMC.* — US —; 111 S Ct 552; 112 L Ed 2d 559 (1990).

In *FMC,* the Court ruled that the ERISA preempted a Pennsylvania law precluding self-funded employee benefit plans from exercising subrogation rights against a claimant's tort recovery:

[I]f a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts; if the plan is uninsured, the State may not regulate it. [498 US —; 112 L Ed 2d 368.]

Because the plan in this case is self-insured, it now appears to us that, contrary to the decision in *Northern Group Services, supra,* state regulation is precluded under the ERISA. We note, too, that other courts have concluded that *Northern Group Services* was effectively overruled by the United States Supreme Court decision in *FMC.* See *Allstate Ins Co v Michigan Carpenters' Council Health & Welfare Fund,* 760 F Supp 665 (WD Mich, 1991); *Lincoln Mutual Casualty Co v Lectron Products, Inc,* 1991 WESTLAW 33558 (ED Mich, February 27, 1991).

Plaintiff's newly discovered claim that the ERISA plan in this case is not self-funded need not be considered because this issue was not raised before the trial court. *Peisner v Detroit Free Press, Inc,* 421 Mich 125, 129, n 5; 364 NW2d 600 (1984). In any case, we are convinced that purchase of stop loss insurance coverage does not transform a benefit plan into an insured plan for purposes of the ERISA. See *FMC,* 498 US —; 112 L Ed 2d 366.

Reversed.