WOLVERINE MUTUAL INSURANCE COMPANY v ROSPATCH
CORPORATION EMPLOYEE BENEFIT PLAN

Docket No. 137975. Submitted June 9, 1992, at Grand Rapids. Decided
August 3, 1992, at 9:40 A.M.

Wolverine Mutual Insurance Company, the no-fault insurer of
Sandra Moon under a policy that provided for coordination of
benefits, brought an action in the Kent Circuit Court against
the Rospatch Corporation Employee Benefit Plan, which cov-
ered Moon, seeking reimbursement for monies paid for the
medical care of Moon following her injury in an automobile
accident. The Rospatch plan was administered pursuant to the
Employee Retirement Income Security Act, 29 USC 1001 *et
seq.*, and was self-funded, but carried stop-loss insurance cover-
age for benefits exceeding $50,000. The plan also provided that
its benefits are not payable for injuries received in a motor
vehicle accident in Michigan. The court, H. David Soet, J.,
granted summary disposition for Rospatch. Wolverine appealed.

The Court of Appeals *held:*

1. The trial court correctly ruled that the Rospatch plan did
not contain a provision for the coordination of benefits that
conflicted with a similar provision in the Wolverine policy and
that the Rospatch plan contained a valid exclusion of benefits
for the injuries sustained by Moon.

2. The trial court erred in ruling that the defendant was not
a self-insured plan within the meaning of the ERISA because of
the excess insurance coverage and that federal law therefore
did not preempt the coordination of benefits in this case. On
the basis of that erroneous conclusion, the court held that if
the exclusion were a conflicting coordination of benefits provi-
sion, a finding of primary liability by Rospatch pursuant to
*Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,*
424 Mich 537 (1986), would not have been preempted by the

REFERENCES

Am Jur 2d, Automobile Insurance § 368; Pensions and Retirement
Funds §§ 64, 115.
See the Index to Annotations under Automobile Insurance; Em-
ployee Retirement Income Security Act; No-Fault Insurance;
Pension and Retirement.

ERISA. A self-funded employee benefit plan administered pursuant to the ERISA is not transformed into an insurance plan subject to state regulation merely because it carries stop-loss insurance coverage.

Affirmed in part and reversed in part.

1. INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — EMPLOYEE BENEFIT PLANS — EMPLOYEE RETIREMENT INCOME SECURITY ACT.

An employee benefit plan administered pursuant to the Employee Retirement Income Security Act is not made liable, by operation of a provision for the coordination of benefits under a no-fault automobile insurance policy, for benefits for injuries sustained in a motor vehicle accident where the plan provides a clear and unambiguous exclusion of benefits for such injuries (29 USC 1001 *et seq.*, MCL 500.3109a; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT — SELF-INSURED EMPLOYEE PLANS — STOP-LOSS COVERAGE — EMPLOYEE RETIREMENT INCOME SECURITY ACT.

The Employee Retirement Income Security Act preempts claims against uninsured self-funded employee benefit plans brought under the coordination of benefits provision of the Michigan no-fault act; the fact that a self-funded employee benefit plan has stop-loss insurance coverage does not transform it into an insured plan for purposes of the ERISA (29 USC 1144[a]; MCL 500.3109a; MSA 24.13109[1]).

*Dilley, Dewey & Damon, P.C.* (by *Jennie Boldish Bryan*), for the plaintiff.

*Mika, Meyers, Beckett & Jones* (by *Jeffrey A. DeVree* and *Elizabeth K. Bransdorfer*), for the defendant.

Before: SHEPHERD, P.J., and CONNOR and M. F. SAPALA,* JJ.

CONNOR, J. Plaintiff instituted this action to seek reimbursement from defendant for medical expenses paid on behalf of Sandra Moon and incurred as a result of a motor vehicle accident.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Plaintiff asserted that defendant's employee benefit plan included medical benefits subject to coordination under the no-fault act, MCL 500.3109a; MSA 24.13109(1). The trial court held that coordination by plaintiff under the no-fault act was not available[1] because defendant's plan excluded any benefits for motor vehicle accidents in this case. We affirm.

The parties stipulated the facts in the trial court. Sandra Moon was injured in an automobile accident on November 19, 1988. Her no-fault automobile insurance policy, issued to her father, Harold Moon, contained a valid coordination of benefits provision pursuant to MCL 500.3109a; MSA 24.13109(1). The automobile accident occurred in Michigan while Sandra Moon was a resident of Michigan.

At the time of her accident, Sandra Moon and Harold Moon were both covered under the Rospatch Corporation Employee Benefit Plan, which was administered pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq.* The Rospatch Corporation Employee Benefit Plan (defendant) contained two separate provisions purporting to exclude the payment of expenses incurred as a result of automobile accidents:

MICHIGAN NO-FAULT EXCLUSION
Benefits are not payable under this Plan for injuries received in an accident involving a car or other motor vehicle.

---

[1] The trial court granted summary disposition in this case under MCR 2.116(C)(10), ruling that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law. Under this rule, summary disposition is appropriate only when there is no factual support for a claim. See *SSC Associates Limited Partnership v General Retirement System of the City of Detroit,* 192 Mich App 360, 363-365; 480 NW2d 275 (1991).

OUT OF MICHIGAN NO-FAULT EXCLUSION

Benefits will not be paid under this plan for injuries received in an accident involving a car or other motor vehicle which is owned or leased by a covered person or any member of his immediate family or involving any car or other motor vehicle for which there is in effect, or is required to be in effect, any policy of No-Fault insurance. This exclusion is not applicable to expenses not paid by any policy of No-Fault insurance as a result of state required policy deductibles or maximums.

Plaintiff paid the medical expenses incurred by Sandra Moon under its no-fault policy. Defendant reviewed those expenses and determined that if it were required to pay expenses for the injuries, it would pay $13,546.85. The only issue the parties could not resolve was whether defendant had to pay any expenses associated with Sandra Moon's automobile accident.

On appeal, plaintiff challenges the trial court's ruling that defendant's plan provided for the exclusion of benefits for injuries incurred in this case. Plaintiff claims defendant's plan provided for a coordination of medical benefits, and therefore plaintiff was entitled to seek reimbursement under MCL 500.3109a; MSA 24.13109(1).

The trial court held that, despite the ambiguity in the two different clauses, defendant's plan excluded benefits in this case and did not provide for coordination with other insurance benefits. The trial court held that defendant's plan was unambiguous because the Michigan exclusion for no-fault benefits was the only provision that applied.

The seminal case in Michigan regarding coordination of benefits is *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 551-552; 383 NW2d 590 (1986). The Supreme Court held that the defendant health insurer, under a group plan, was primarily liable for medical cover-

age as a result of a motor vehicle accident where the defendant's coordinated benefits clause conflicted with the plaintiff's no-fault policies. The Court reasoned that because the Legislature required insurers to offer coordinated coverage with other health insurance under no-fault policies in order to reduce premiums, the no-fault insurer must be secondarily liable in order to effectuate the Legislature's intent. *Id.,* pp 546, 551-552.

The application of *Federal Kemper* to this case depends on whether defendant's plan can be construed as including a provision for the coordination of benefits or for the exclusion of coverage. If defendant's plan included a "pure" exclusion, then it could not be required to coordinate its benefits with those paid in accordance with the no-fault act.

In *Auto-Owners Ins Co v Autodie Corp Employee Benefit Plan,* 185 Mich App 472, 474; 463 NW2d 149 (1990), an almost identical clause was interpreted as an exclusion rather than a coordination provision. The panel relied on *Transamerica Ins Co of North America v Peerless Industries,* 698 F Supp 1350, 1355-1356 (WD Mich, 1988), which held that because the exclusion in the defendant's plan for automobile accidents under Michigan's no-fault act was clear and unambiguous, no other health or accident insurance existed for purposes of MCL 500.3109a; MSA 24.13109(1). *Peerless, supra,* pp 1353, 1355. This type of an exclusion is considered a "pure" exclusion, because it clearly is not dependent upon the existence of any other insurance. *Transamerica Ins Co of America v IBA Health & Life Assurance Co,* 190 Mich App 190, 194-195; 475 NW2d 431 (1991).

Plaintiff contends this case should be distinguished from *Autodie* because defendant's plan appears to coordinate benefits with no-fault insur-

ance benefits for motor vehicle accidents that occur outside the State of Michigan. This arguably is an "escape" exclusion that does not avoid coordination under MCL 500.3109a; MSA 24.13109(1). See *Peerless, supra,* pp 1351, 1354; *Auto-Owners Ins Co v Lacks Industries,* 156 Mich App 837, 838-839; 402 NW2d 102 (1986).

We believe that this "escape" provision is inapplicable and irrelevant in this case because the parties agree that Sandra Moon's accident occurred in Michigan while she was a resident of Michigan. Generally, exclusions in insurance contracts are to be read independently of one another. *Hawkeye-Security Ins Co v Vector Construction Co,* 185 Mich App 369, 384; 460 NW2d 329 (1990). Under the facts of this case, the only applicable provision clearly excludes coverage, and another inapplicable exclusion cannot be relied upon to make the entire plan ambiguous. *Id.,* pp 384-385. See also *Fresard v Michigan Millers Mutual Ins Co,* 414 Mich 686, 697-698; 327 NW2d 286 (1982) (FITZGERALD, C.J.).

Defendant also argued below, as an alternative theory, that because it was self-insured, 29 USC 1144(a) preempted the coordination of benefits under the state no-fault insurance act. Defendant conceded through the testimony of its administrator that its plan includes stop-loss insurance coverage, or excess insurance coverage for claims in excess of $50,000. Defendant pays all benefits due claimants under the plan, but defendant can seek reimbursement for those claims that exceed $50,000 as a means of protecting the plan. The trial court held that defendant was not a self-insured plan within the meaning of the ERISA because of the excess insurance coverage, and consequently federal law did not preempt the coordination of benefits in this case.

We believe the trial court erred in this portion of its ruling. The panel in *Auto Club Ins Ass'n v Frederick & Herrud, Inc (On Remand)*, 191 Mich App 471, 475; 479 NW2d 18 (1991), recently held that stop-loss coverage does not transform an employee benefit plan into an insured plan for purposes of the ERISA, citing *FMC Corp v Holliday*, 498 US —; 111 S Ct 403; 112 L Ed 2d 356, 366 (1990).[2] We are satisfied that *Auto Club, supra*, was correctly decided and, under Administrative Order No. 1990-6, 436 Mich lxxxiv, and Administrative Order No. 1991-11, 439 Mich xlv, both this Court and the trial court are bound by that decision.[3]

Affirmed in part and reversed in part.

---

[2] In *FMC Corp, supra*, 112 L Ed 2d 362, Justice O'Connor wrote in the Court's opinion that the plan in that case was self-funded because it did not purchase an insurance policy from any insurance company in order to satisfy the obligations to its participants. Consequently, an insurance policy that merely protects the plan from disastrous consequences, but does not directly insure the obligations owed to the plan members, does not affect the plan's status as self-insured, according to the panel in *Auto Club, supra*.

[3] But see *Frankenmuth Mutual Ins Co v Meijer, Inc*, 176 Mich App 675, 677-679; 440 NW2d 7 (1989), wherein another panel of this Court held that stop-loss coverage does not render an ERISA plan uninsured. The panel in that case placed its reliance on *Northern Group Services, Inc v Auto Owners Ins Co*, 833 F2d 85 (CA 6, 1987), opinion clarifying first decision 898 F2d 1125 (CA 6, 1990), which the panel in *Auto Club, supra*, p 474, believed was effectively overruled by the decision in *FMC Corp, supra*. The federal courts have also held that *FMC Corp, supra*, overruled *Northern Group, supra*. *Auto Club Ins Ass'n v Health & Welfare Plans, Inc*, 961 F2d 588, 592-593 (CA 6, 1992), and cases cited therein. But see *Michigan United Food & Commercial Workers Unions v Baerwaldt*, 767 F2d 308, 312-313 (CA 6, 1985); *Auto Club Ins Ass'n v Mutual Savings & Loan Ass'n*, 672 F Supp 997, 1000 (ED Mich, 1987); *State Farm Mutual Automobile Ins Co v American Community Mutual Ins Co*, 659 F Supp 635, 637-639 (ED Mich, 1987), aff'd 863 F2d 49 (1988) (stop-loss insurance only did not affect the status of an employee benefit plan as insured for purposes of the savings clause pursuant to the ERISA). See also *Udell v Georgie Boy Mfg, Inc*, 174 Mich App 171, 179; 435 NW2d 413 (1988), vacated and remanded for reconsideration 432 Mich 889 (1989).